IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ASSOCIATION OF AMERICAN PUBLISHERS, INC.,<br><br>    455 Massachusetts Avenue, NW<br>    Washington, DC 20001,<br><br>                              Plaintiff,<br>v.<br><br>BRIAN E. FROSH, in his official capacity as Attorney General of the State of Maryland,<br><br>    200 St. Paul Place<br>    Baltimore, MD 21202,<br><br>                              Defendant. | Civil Action No. 1:21-cv-03133-DLB |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 65, Plaintiff the Association of American Publishers, Inc. ("AAP"), by and through its undersigned counsel, hereby moves for a preliminary injunction against Defendant Brian E. Frosh, in his official capacity as Attorney General for the State of Maryland, from enforcing a new state law, Md. Code, Educ. §§ 23-701, 23-702 (the "Maryland Act"), that supplants publishers' exclusive rights under the United States Copyright Act, in violation of federal preemption principles.

AAP more than meets the standard for preliminary injunctive relief. First, AAP is likely to succeed on the merits of showing that the Maryland Act is preempted by federal law. The Maryland Act impermissibly intrudes into federal copyright law by implementing a state-law compulsory licensing scheme that deprives copyright holders of their exclusive rights under the Copyright Act. Second, absent an injunction, AAP and its member-publishers are likely to be irreparably harmed in numerous ways, including by being forced to abdicate their exclusive

rights guaranteed by the Copyright Act. <u>Third</u>, the balance of equities favors granting an injunction, given that the State of Maryland will not be harmed by being enjoined from enforcing a state law likely to be found preempted. <u>Fourth</u>, enjoining the Maryland Act will serve the public interest, including by vindicating constitutional principles and protecting copyright.

Accordingly, and for the reasons set forth more fully in AAP's accompanying Memorandum in Support of this Motion for Preliminary Injunction, AAP respectfully requests that the Court grant this Motion and preliminarily enjoin Defendant, Defendant's officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant from enforcing the Maryland Act, Md. Code, Educ. §§ 23-701 and 23-702.

## REQUEST FOR HEARING

Pursuant to Local Rule 105.6, AAP respectfully requests that its Motion for Preliminary Injunction be set for a hearing by the Court on a date as soon as practicable.

Dated: December 16, 2021                               Respectfully submitted,

*/s/ Scott A. Zebrak*
Scott A. Zebrak (17741)
Matthew J. Oppenheim (22256)
Nicholas C. Hailey
Carly A. Kessler
Ever M. Hess
**OPPENHEIM + ZEBRAK, LLP**
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Phone: (202) 480-2999
scott@oandzlaw.com
matt@oandzlaw.com
nick@oandzlaw.com
carly@oandzlaw.com
ever@oandzlaw.com

*Attorneys for Plaintiff Association of American Publishers, Inc.*

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all counsel of record entitled to service.

/s/ *Scott A. Zebrak*
Scott A. Zebrak (17741)