IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ASSOCIATION OF AMERICAN PUBLISHERS, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No.: 1:21-cv-03133-DLB |
| BRIAN E. FROSH, Attorney General of Maryland, | * | |
| *Defendant*. | * | |

* * * * * * * * * * * * * *

**DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER**

Defendant, Brian E. Frosh, in his official capacity as the Attorney General for the State of Maryland (hereinafter "the State"), by and through his undersigned counsel, responds to the Court's March 28, 2022 order to show cause why the Preliminary Injunction entered by the Court on February 16, 2022 should not be converted to a Permanent Injunction. The State acknowledges that there is no genuine dispute as to any material fact and that the Court may grant or deny further relief in this matter without a further hearing or trial. For the reasons stated below, however, if the court concludes that §§ 23-701 and 23-702 of the Education Article of the Annotated Code of Maryland (the "Maryland Act") are preempted by the U.S. Copyright Act, the entry of a declaratory judgment would be sufficient to provide Plaintiff the relief it seeks.

## BACKGROUND

The Maryland Act was enacted on May 30, 2021 and took effect January 1, 2022. On December 9, 2021, Plaintiff, an association of publishers, filed a Complaint for Declaratory and Injunctive Relief against the Maryland Attorney General. ECF 1. On December 17, 2021, Plaintiff moved for Preliminary Injunction, seeking to enjoin the State's enforcement of the Maryland Act. ECF 4 and ECF 4-1.

On February 16, 2022, the Court entered an order granting Plaintiff's Motion for Preliminary Injunction. ECF 19 and ECF 20. For purposes of the preliminary injunction, the Court concluded that the federal Copyright Act of 1976 preempted the Maryland Act. The State did not appeal the entry of the Preliminary Injunction.

On March 28, 2022, the Court ordered the State to show cause by April 11, 2022, why the Preliminary Injunction should not be converted to a Permanent Injunction. ECF 22. From the time the Maryland Act took effect on January 1, 2022, the State has not taken any action to enforce the Maryland Act and does not intend to do so.

## ARGUMENT

If the Court concludes that the Maryland Act is preempted by federal law, the Court should exercise its discretion to issue a declaratory judgment instead of converting the preliminary injunction into a permanent injunction. By issuing a declaratory judgment, the Court can determine the preemption issues without having to make the requisite findings for injunctive relief, and without having to invoke the Court's ongoing jurisdiction over the State's compliance. Declaratory relief will terminate this case and

afford Plaintiff relief from any uncertainty, insecurity, or controversy stemming from the Maryland Act.

A permanent injunction requires the plaintiff to show actual success on the merits, rather than a mere likelihood of success on the merits, as well as a demonstration that the plaintiff has already suffered irreparable injury. *Mayor of Baltimore v. Azar*, 973 F.3d 258, 274 (4th Cir. 2020), citing *Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987)). A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardship between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Dominion Transmission, Inc. v. Town of Myersville Town Council*, 982 F. Supp. 2d 570, 580 (D. Md. 2013) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). A suit for a permanent injunction contemplates a bench trial on the merits followed by findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a)(1) and the entry of a final judgment granting or denying the requested relief. *Georgia Advocacy Office v. Jackson*, 4 F.4th 1200, 1211 (11th. Cir. 2021).

A declaratory judgment, by contrast, allows the court to declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201(a). A declaratory judgment is appropriate "when the judgment will serve a useful purpose in clarifying and settling the

legal relations in issue, and . . . when it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding." *LWRC Int'l, LLC v. Mindlab Media, LLC*, 838 F. Supp. 2d 330, 336 (D. Md. 2011) (internal citations omitted); *see also Icarom*, *PLC v. Howard County, Md.*, 904 F. Supp. 454, 458 (D. Md. 1995) (internal citations and quotations omitted).

In *Dominion Transmission, Inc. v. Town of Myersville Town Council,* Dominion sought to build a natural gas compressor station and requested declaratory judgment and a permanent injunction from enforcement of the Town's code that were preempted by federal law. The court issued a declaratory judgment related to the portions of the Town Code directly affecting the aspects of Dominion's project that were preempted by federal law. 982 F. Supp. 2d at 578-79. However, Dominion's request for permanent injunction barring the Town Council from implementing or enforcing the Town code, all ordinances, rules, and regulations against Dominion's construction plan failed to show irreparable injury to support issuing a permanent injunction. Dominion had not received its permit to allow construction and there was currently no threat of imminent harm to Dominion and no reason for the court to issue a permanent injunction. *Id* at 580.

In *Freedom from Religion Foundation v. Concord Community Schools*, 240 F. Supp. 3d 914 (D. Ind. 2017), the court concluded that a declaratory judgment was sufficient to prevent a high school from continuing to stage a living nativity scene during its annual Christmas show in violation of the Establishment Clause. Instead of converting its preliminary injunction into a permanent injunction, the court found that a "Declaratory Judgment affords the Plaintiffs the relief they seek, without needing to resort to an

overbroad and likely unnecessary use of coercion through an injunction." *Id.* at 925. The court noted that a declaratory judgment under 28 U.S.C. § 2202 gave the plaintiffs the tools they need to address that situation in the future. "Further necessary or proper relief based on a Declaratory Judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." *Id.* Thus, under a declaratory judgment, the plaintiffs could swiftly return to court and seek appropriate relief, if necessary.

So too in *Poder in Action v. Phoenix*, 506 F. Supp. 3d 725, 737 (D. Ariz. 2020), the court declined to issue a permanent injunction against the city for excluding unqualified aliens from a benefits program after the city indicated it would begin allowing the unqualified aliens to participate in the program after the issuance of a declaratory judgment. The court rightly assumed that the State would not enforce a law that had been declared invalid, preempted, or unconstitutional by the court. The issuance of a permanent injunction to prevent a continued violation of law was not necessary under the circumstances, and the entry of a declaratory judgment would suffice to protect the plaintiff's interests. *Id.*; *see also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975) ("At the conclusion of a successful federal challenge to a state statute or local ordinance, a district court can generally protect the interests of a federal plaintiff by entering a Declaratory Judgment, and therefore the stronger injunctive medicine will be unnecessary.").

Plaintiff alleges in its complaint that as of January 1, 2022, AAP's members will become subject to the risk of liability. ECF 1 at ¶22. Plaintiff further alleges:

> The Maryland Act threatens to fundamentally reshape how publishers distribute their works and how the marketplaces for ebooks and audiobooks operate, both within and outside Maryland. In enacting and enforcing the statute, the State of Maryland will interfere with business decisions that are the responsibility and prerogative of publishers and their authors to determine pursuant to federal copyright law, which will have negative consequences on publishing in both the short and long terms.

ECF 1 at ¶ 72. The State's conduct shows that injunctive relief is not necessary here. At no time from January 1, 2022, has Maryland attempted to enforce the Maryland Act. And, after the Court issued the preliminary injunction, the State did not appeal that decision. The State has taken no action to reshape how publishers distribute their works and how the marketplace for e-books and audiobooks operates. Nor has the State taken any action to interfere with Plaintiff's or its members' business decisions. Because the State is not enforcing the Maryland Act and has no intention to do so, the threat identified by the plaintiff will not come to pass. *See Dominion Transmission, Inc.*, 982 F. Supp. 2d at 580. Accordingly, the Court need not resort to the coercive powers of a permanent injunction to compel the States' compliance with its decision.

Where conduct challenged by a plaintiff cannot be reasonably expected to recur, a request for injunctive relief is moot. *See Akers v. Maryland State Educ. Ass'n*, 376 F. Supp. 3d 563 (D. Md. 2019), *aff'd*, 990 F.3d 375 (4th Cir. 2021). *Akers* was a class action suit against teachers' unions and their affiliates, two local boards of education, and several other governmental officers in their official capacities, where the plaintiffs sought injunctive and declaratory relief, arguing that the requirement they pay representation fees to the union as a condition of employment violated their First Amendment rights. Shortly after filing suit, the claims became moot when the Supreme Court held in *Janus*

*v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31*, 138 S. Ct. 2448, 2459 (2018) that, "[s]tates and public-sector unions may no longer extract agency fees from nonconsenting employees." The Court in *Akers* reasoned that "[i]n sum, Plaintiffs' request for injunctive relief is moot because the union's communications are reliable evidence of a permanent shift in policy and the challenged conduct cannot be reasonably expected to recur . . ." *Akers*, 376 F. Supp. 3d at 572.

After the court issued its order preliminarily enjoining the Maryland Act, the State did not appeal the court's order or take any steps to cause Plaintiff or its member's injury or to prolong this litigation. If the Court declares the Maryland Act invalid and preempted as a final judgment, there is no reason to believe that the State will attempt to enforce it. *See Just Puppies, Inc. v. Frosh*, No. CV ELH-19-2439, 2021 WL 4594630, at *25 (D. Md. Oct. 6, 2021) ("A [state] court may not convict a criminal defendant of violating a state law that federal law prohibits." (internal citations omitted)). Accordingly, if the Court concludes that the Maryland Act is preempted, a declaratory judgment is sufficient to provide Plaintiff the relief if seeks.

## CONCLUSION

For the reasons set forth herein, if the court concludes that the federal law preempts the Maryland Act, Defendant requests that the Court not convert the preliminary injunction to a permanent injunction but instead issue a declaratory judgment.

    Respectfully submitted,

    BRIAN E. FROSH
    Attorney General of Maryland

/s/ Elliott L. Schoen
ELLIOTT L. SCHOEN
Assistant Attorney General
Maryland State Department of Education
Fed. Bar No.: 26210
eschoen@oag.state.md.us

/s/ Lynae Turner Polk
LYNAE TURNER POLK
Assistant Attorney General
Maryland State Department of Education
Fed. Bar No.: 13136
lpolk@oag.state.md.us

/s/ Sean M. Fitzgerald
SEAN M. FITZGERALD
Assistant Attorney General
Maryland State Department of Education
Fed. Bar No.: 22063
sfitzgerald@oag.state.md.us

/s/ Heidi E. Dudderar
HEIDI E. DUDDERAR
Assistant Attorney General
Maryland State Department of Education
Fed. Bar No.: 27018
hdudderar@oag.state.md.us
200 St. Paul Street, 19th Floor
Baltimore, Maryland 21202
(410) 576-6460
(410) 576-6309 (facsimile)

April 11, 2022

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 11th day of April, a copy of the foregoing

Defendant's Response to Show Cause Order, was served via CM/ECF on:

Scott A. Zebrak, Esq
Matthew J. Oppenheim, Esq.
Nicholas C. Hailey, Esq.
Carly A. Kessler, Esq.
Ever M. Hess, Esq.
Oppenheim + Zebrak, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, D.C. 20016
*Attorneys for Plaintiff*

                /s/ Elliott L. Schoen
                Elliott L. Schoen