# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| ASSOCIATION OF AMERICAN PUBLISHERS, | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Action No.: |
| | | 1:21-cv-03133-DLB |
| BRIAN E. FROSH, Attorney General of Maryland, | * | |
| | * | |
| *Defendant*. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANT'S SUR-REPLY TO SHOW CAUSE ORDER

Defendant, Brian E. Frosh, in his official capacity as the Attorney General for the State of Maryland (hereinafter "the State" or "the Defendant"), by and through his undersigned counsel, submits this sur-reply to Plaintiff's Reply to Defendant's Response to Show Cause Order filed on April 25, 2022 (ECF 24), as ordered by this Court on April 26, 2022 (ECF 25). As explained below, the Court's issuance of a declaratory judgment would conclusively answer all questions about the enforceability of the Maryland Act, and therefore issuance of a permanent injunction is unnecessary.

## ARGUMENT

The decision to issue—or not issue—a permanent injunction is squarely within this Court's discretion. It is not, as Plaintiff assumes, "the necessary and appropriate next step in this case." ECF 24 at 1. While the Court's decision as to whether the

Maryland Act is preempted by the federal Copyright Act is purely a matter of law that requires no fact finding, Plaintiff has not met its burden of proving actual irreparable harm—a burden that must be satisfied before a permanent injunction can issue. Furthermore, none of the cases cited by Plaintiff address the narrow decision before the Court, that is, the issuance of a declaratory judgment *as opposed to* a permanent injunction where the law in question has never been enforced.   "Injunctions are not issued as a matter of course, and the district court retains its equitable discretion to deny an injunction, *even where a Plaintiff has made the requisite showing*."   *Courthouse News Serv. v. Schaefer*, 440 F. Supp. 3d 532, 563 (E.D. Va. 2020), *aff'd*, 2 F.4th 318 (4th Cir. 2021) (emphasis added); *see also Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543-45 (4th Cir. 2007) (rejecting Plaintiff's argument that it was "entitled" to a permanent injunction and observing that "ultimate discretion to grant any such injunctive relief rests with the district court").

Declaratory judgments are likewise discretionary, and thus it falls to the Court to determine appropriate relief under the circumstances.   Contrary to Plaintiff's assertion, *both* a declaratory judgment *and* a permanent injunction are not necessary, nor are they appropriate here.   A declaratory judgment has "the force and effect of a final judgment or decree" and may be issued "whether or not further relief is or could be sought."   28 U.S.C. 2201(a).   In fact, a declaratory judgment was the very first form of relief Plaintiff requested in its Complaint.   ECF 1 at 30.   While it is not unreasonable to request multiple forms of relief when initiating suit, the relief granted should not exceed what the case actually demands.   *See Kentuckians for Commonwealth Inc. v. Rivenburgh*, 317 F.3d

425, 436 (4th Cir. 2003) ("It is well established that injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs."); *see also Reprod. Health Servs. v. Marshall*, 268 F. Supp. 3d 1261, 1294-95 (M.D. Ala. 2017), *aff'd sub nom. Reprod. Health Servs. v. Strange*, 3 F.4th 1240 (11th Cir. 2021), *reh'g en banc granted, opinion vacated sub nom. Reprod. Health Servs. on behalf of Ayers v. Strange*, 22 F.4th 1346 (11th Cir. 2022) (finding claims for injunctive relief moot because issuance of a declaratory judgment rendered provisions of law unenforceable, and assuming, absent any evidence to the contrary, that state attorney general would not enforce those provisions).

When exercising its discretion to issue a declaratory judgment, the Court should consider:

> (1) whether the judgment will serve a useful purpose in clarifying the legal relations in issue; (2) whether the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding; (3) considerations of federalism, efficiency, and comity; and (4) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable.

*Schaefer*, 440 F. Supp. 3d at 561 (internal citations and quotation marks omitted).  In this case, only the first three factors are relevant, and all are satisfied.

As to the first and second factors, a declaratory judgment would clarify whether the Maryland Act is preempted by the federal Copyright Act and conclusively determine its enforceability.  *See Lockheed Air Terminal, Inc., v. City of Burbank*, 457 F.2d 667, 670 (9th Cir. 1972), *aff'd*, 411 U.S. 624 (1973) (recognizing "as a principle of our

federalism that state and local laws are not enforceable if they impinge upon an exclusive federal domain," that is, if they are preempted); 59 Md. Op. Att'y Gen. 46 (1974) (same). If the Court finds the Maryland Act is preempted, "there is no reasonable expectation" the Attorney General will enforce it, and "an injunction is unnecessary." *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 800 (4th Cir. 2001). This is not merely a statement of the Attorney General's "intent," as Plaintiff suggests, but rather an illustration of the separation of powers and a recognition that the State has— and will continue to—comply with the Court's declaration of rights.

As to the third factor, a declaratory judgment promotes efficiency and gives due consideration to principles of federalism. Although the effect of a declaratory judgment and a permanent injunction will be "virtually identical" here, "a district court can generally protect the interests of a federal plaintiff by entering a declaratory judgment, and therefore the stronger injunctive medicine will be unnecessary." *Wooley v. Maynard*, 430 U.S. 705, 711 (1977) (internal citations and quotation marks omitted). Rather than craft a permanent injunction that could intrude on the Attorney General's traditional and statutory role in consumer protection, Md. Code Ann., Commercial Law Art., Title 13, Subtitle 2, the Court need only declare the Maryland Act preempted in order to prevent enforcement and safeguard what, in its view, represents exclusive rights granted by Congress in the federal Copyright Act. "Injunctive relief is a preventative and protective remedy, aimed at future acts, and is not intended to redress past wrongs." *Tessemae's, LLC v. McDevitt*, No. CV GLR-20-2013, 2021 WL 1216669, at *13 (D. Md. Mar. 31, 2021) (quoting *Bey v. Moorish Sci. Temple of Am.*, 362 Md. 339, 353

(2001)).  In other words, if the Court determines that the Maryland Act is preempted—and therefore unenforceable—as currently drafted, it is enough to issue a declaratory judgment and leave consumer protection to state law.

To be clear, the State is not arguing that this case is moot based on voluntary cessation.  On this point, Plaintiff has misconstrued the State's initial response to the Show Cause Order.  When deciding whether a claim is moot, a district court—including one within the Fourth Circuit—may look for a change in the law "or some other external constraint on the defendant's action, *such as a collateral court order*." *Davison v. Plowman*, 191 F. Supp. 3d 553, 557 (E.D. Va. 2016) (emphasis added).  To be sure, there has been no change in the law, because this litigation was still pending at the end of this year's legislative session and the Maryland General Assembly will not reconvene until January 2023.  But—and this is the point Plaintiff is missing—if the Court issues a declaratory judgment, that would be sufficient to constrain the State's action as it relates to enforcement of the Maryland Act as currently drafted.  Indeed, a declaratory judgment is appropriate even where, as here, the State continues to defend in good faith the action of its Legislature.  *See Schaefer*, 440 F. Supp. 3d at 562.

## CONCLUSION

For the reasons set forth herein, the State requests that the Court exercise its discretion to issue a declaratory judgment, rather than a permanent injunction, as to whether the Maryland Act is preempted by the federal Copyright Act.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/ Elliott L. Schoen
ELLIOTT L. SCHOEN
Assistant Attorney General
Maryland State Department of
Education
Fed. Bar No.: 26210
eschoen@oag.state.md.us

/s/ Lynae Turner Polk
LYNAE TURNER POLK
Assistant Attorney General
Maryland State Department of
Education
Fed. Bar No.: 13136
lpolk@oag.state.md.us

/s/ Sean M. Fitzgerald
SEAN M. FITZGERALD
Assistant Attorney General
Maryland State Department of
Education
Fed. Bar No.: 22063
sfitzgerald@oag.state.md.us

/s/ Heidi E. Dudderar
HEIDI E. DUDDERAR
Assistant Attorney General
Maryland State Department of
Education
Fed. Bar No.: 27018
hdudderar@oag.state.md.us

200 St. Paul Street, 19th Floor
Baltimore, Maryland 21202
410-576-6460 (Phone)
410-576-6309 (Fax)

May 6, 2022

6

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of May, 2022, a copy of the foregoing

Defendant's Sur-Reply to Show Cause Order, was served via CM/ECF on:

Scott A. Zebrak, Esq.
Matthew J. Oppenheim, Esq.
Nicholas C. Hailey, Esq.
Carly A. Kessler, Esq.
Ever M. Hess, Esq.
Oppenheim + Zebrak, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, D.C. 20016
*Attorneys for Plaintiff*

/s/ Elliott L. Schoen
Elliott L. Schoen