IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ASSOCIATION OF AMERICAN PUBLISHERS, | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | Civil Action No.: |
| v. | * | 1:21-cv-03133-DLB |
| BRIAN E. FROSH, Attorney General of Maryland, | * | |
| | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF FILING OF PROPOSED ORDERS**

Association of American Publishers ("AAP") and Brian E. Frosh (the "State," and together with AAP, the "Parties") submit the attached Proposed Orders pursuant to the Court's May 26, 2022 Paperless Order ("Order").

The Parties met and conferred to discuss the Order and agree that a declaratory judgment may be entered. The Parties disagree, however, in their view of whether a permanent injunction may still be granted. Plaintiff interpreted the Order to refer only, "at a minimum," to the Court's determination that a declaratory judgment should be entered, but understood that the Court was still considering whether a permanent injunction is also necessary. Plaintiff still believes a permanent injunction is necessary and appropriate here. *See* ECF No. 24. The State interpreted the Order to mean that a permanent injunction will not be granted, and that "at a minimum" referred to the relief on which the parties could agree. The State still believes a permanent

injunction is unnecessary and views the Order as an appropriate exercise of discretion and judicial economy.  *See* ECF Nos. 23 and 26.

Notwithstanding this disagreement about the permanent injunction, the Parties submit the attached two Proposed Orders, the Plaintiff's Proposed Order and the Defendant's Proposed Order (together, the "Proposed Orders"), concerning the declaratory judgment.  The Parties substantially agree on the attached Proposed Orders, except disagree as to the language in Paragraph 2 of the Plaintiff's Proposed Order.  Plaintiff believes that because the Court's prior order, ECF No. 19, only addressed a preliminary injunction, on a likelihood of success standard, the attached Proposed Order should clarify the Court's rationale for entering a declaratory judgment.  Defendant disagrees that any additional language is necessary and views Defendant's Proposed Order as sufficient and appropriate for joint submission.

Respectfully submitted,

*/s/ Scott A. Zebrak*
Scott A. Zebrak (17741)
Matthew J. Oppenheim (22256)
Nicholas C. Hailey
Carly A. Kessler
Ever M. Hess
**OPPENHEIM + ZEBRAK, LLP**
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Phone: (202) 480-2999
scott@oandzlaw.com
matt@oandzlaw.com
nick@oandzlaw.com
carly@oandzlaw.com
ever@oandzlaw.com

*Attorneys for Plaintiff Association of American Publishers, Inc.*

*/s/ Elliott L. Schoen*
Elliott L. Schoen (26210)
Lynae Turner Polk (13136)

Sean M. Fitzgerald (22063)
Heidi E. Dudderar (27018)
Assistant Attorneys General
Maryland State Department of Education
eschoen@oag.state.md.us
lpolk@oag.state.md.us
sfitzgerald@oag.state.md.us
hdudderer@oag.state.md.us

*Attorneys for Brian E. Frosh*