IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ASSOCIATION OF AMERICAN PUBLISHERS, INC., | * |
| | * |
| Plaintiff, | |
| | * |
| v. | Case No.: DLB-21-3133 |
| | * |
| BRIAN E. FROSH, in his official capacity as Attorney General of the State of Maryland, | * |
| Defendant. | * |

## MEMORANDUM OPINION

The Association of American Publishers ("AAP") sought to enjoin enforcement of a recently enacted Maryland statute that requires publishers to offer to license their electronic literary products (e-books and audiobooks) to Maryland public libraries, on reasonable terms, if the publishers offered those products to the public, Md. Code Ann., Educ. §§ 23-701, 23-702 (the "Maryland Act" or the "Act"). ECF 1.[1] In AAP's complaint against Brian E. Frosh in his official capacity as the Attorney General of the State of Maryland (the "State"), AAP alleged the Maryland Act is unconstitutional under the Supremacy Clause because it is expressly preempted by and conflicts with the United States Copyright Act (Counts I and II), violates the Dormant Commerce Clause (Count III), and violates the Due Process Clauses of the Fifth and Fourteenth Amendments

---

[1] The Maryland Act provides:

> Subject to subsections (b) and (c) of this section, a publisher who offers to license an electronic literary product to the public shall offer to license the electronic literary product to public libraries in the State on reasonable terms that would enable public libraries to provide library users with access to the electronic literary product.

Md. Code Ann., Educ. § 23-702(a).

(Count IV).  ECF 1, ¶¶ 75–110.  As relief, AAP sought a declaration that the Maryland Act is invalid and preempted by the Copyright Act and preliminary and permanent injunctions enjoining the State from enforcing it.

On February 16, 2022, the Court preliminarily enjoined enforcement of the Maryland Act.  ECF 20.  Applying the preliminary injunction standard, the Court found the state statute likely conflicted with the Copyright Act because it forced publishers to forgo their exclusive rights to decide when, to whom, and on what terms to distribute their copyrighted works; publishers would suffer irreparable harm if the Act was not enjoined; and the balance of the equities and the public interest weighed in favor of injunctive relief.  ECF 19, at 9–27.

On March 28, 2022, after the time for appeal of the preliminary injunction order passed, the Court issued a Show Cause Order asking the State why a preliminary injunction should not be converted into a permanent injunction.  ECF 22.  The State argues that a permanent injunction is unnecessary because the State has not and will not enforce the Maryland Act and that a declaratory judgment would provide AAP with the relief it needs.  ECF 23, 26.  AAP argues that a declaratory judgment, alone, is insufficient and that a permanent injunction is warranted because the standard is met and the State's assertion that it will not enforce the Maryland Act is insufficient to safeguard the rights of publishers.  ECF 24.

The parties thus dispute whether the preliminary injunction should be converted into a permanent injunction.  On this question, the Court agrees with the State.  The Court will not grant a permanent injunction.  The Court will issue a judgment declaring the Maryland Act unconstitutional and unenforceable because it conflicts with and is preempted by the Copyright Act.  Such declaratory relief obviates the need for a permanent injunction.

**I.      Declaratory Judgment**

The Declaratory Judgment Act provides:

In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201; *see Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 201 (4th Cir. 2019). "A declaratory judgment action is appropriate when 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality[.]'" *Kotkowski v. Nationwide Prop. & Cas. Ins.*, --- F.3d ----, 2021 WL 4459032, at * 1 (D. Md. Sept. 29, 2021) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks omitted)) (alteration in *Kotkowski*). Whether to grant a declaratory judgment is "committed to judicial discretion." *A.L. Mechling Barge Lines v. United States*, 368 U.S. 324, 331 (1961). The Court finds that a declaratory judgment is appropriate in this case.[2]

In its February 16, 2022 memorandum opinion, the Court determined that the Maryland Act likely conflicts with the Copyright Act in violation of the Supremacy Clause. The parties agree that there have been no changes in law or fact since then. And the State "acknowledges that there is no genuine dispute as to any material fact and that the Court may grant or deny further

---

[2] Although neither AAP nor the State has moved for summary judgment on any claim, they agree a declaratory judgment may be entered. Federal Rule of Civil Procedure 56(f) "allows [a court] to grant summary judgment to a nonmovant under certain circumstances." *Wikimedia Found. v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 14 F.4th 276, 283 n.5 (4th Cir. 2021). The Rule provides that, "[a]fter giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f). "[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that [he] had to come forward with all [his] evidence." *Moore v. Equitrans, L.P.*, 27 F.4th 211, 224 (4th Cir. 2022) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). Here, the State received the opportunity to present any evidence or law that would prevent the entry of judgment in this case and conceded that none exists. *See* ECF 22. Accordingly, the Court may decide the conflict preemption claim on the merits pursuant to Rule 56(f).

relief in this matter without further hearing or trial." ECF 23, at 1.  Therefore, for the reasons stated in the February 16, 2022 memorandum opinion, the Court finds that the Maryland Act conflicts with and is preempted by the Copyright Act.  The Act "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *See United States v. South Carolina*, 720 F.3d 518, 529 (4th Cir. 2013) (quoting *Arizona v. United States*, 567 U.S. 387, 399–400 (2012)).  The Maryland Act is unconstitutional and unenforceable.

## II.   Permanent Injunction

AAP also seeks a permanent injunction.  The State opposes the permanent injunction and argues a declaratory judgment is sufficient to protect AAP's interests.

"A party seeking a permanent injunction must demonstrate 'actual success' on the merits, rather than [the] mere 'likelihood of success' required to obtain a preliminary injunction." *Mayor of Balt. v. Azar*, 973 F.3d 258, 274 (4th Cir. 2020) (quoting *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987)).

> The party must demonstrate (1) "it has suffered an irreparable injury"; (2) "remedies available at law, such as monetary damages, are inadequate to compensate for that injury"; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted"; and (4) "the public interest would not be disserved by a permanent injunction."

*Id.* (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).  But even where a plaintiff has satisfied the requirements for a permanent injunction, "whether to grant the injunction still remains in the 'equitable discretion' of the court."  *Id.*; *see also eBay Inc.*, 547 U.S. at 391 ("The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court."); *Intertape Polymer Corp. v. N.L.R.B.*, 801 F.3d 224, 247 (4th Cir. 2015) (Wilkinson, J., concurring) (opining the Supreme Court "has rejected mechanical rules mandating injunctive relief").

Assuming without deciding AAP satisfied all factors required for permanent injunctive relief, the Court nevertheless declines to enter a permanent injunction. The State has made no effort to enforce the Maryland Act, and it represents to the Court that it will not enforce it. *See* ECF 23, at 6. Abandonment of "a challenged practice . . . is an important factor bearing on the question whether a court should exercise its power to enjoin the defendant from renewing the practice." *See City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982); *see also Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 193 (2000)). Similarly, here, that the State never enforced the law and represents it will not enforce it in the future is an important factor bearing on whether the Court should take the additional step to enjoin the State from enforcing the Act. The Court has declared the Maryland Act unconstitutional and may reasonably assume the State will abide by the declaration. *See, e.g.*, *Poder in Action v. City of Phoenix*, 506 F. Supp. 3d 725, 737 (D. Ariz. 2020) (declining to permanently enjoin the government's enforcement of a law declared unconstitutional because the government indicated its intent to comply with the court's ruling); *Martin v. Gross*, 380 F. Supp. 3d 169, 171–72 (D. Mass. 2019) (entering a declaratory judgment and declining to enter a permanent injunction because public officers presumably would not violate a court order); *Grandco Corp. v. Rochford*, 536 F.2d 197, 208 (7th Cir. 1976) (vacating a permanent injunction because, under the facts of the case, a declaratory judgment was a sufficient remedy). AAP has successfully challenged the Maryland Act, and its interests are protected "by [the rendering of] a declaratory judgment, and therefore the stronger injunctive medicine [is] unnecessary." *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975); *see also Freedom From Religion Found. v. Concord Cmty. Schs.*, 240 F.

Supp. 3d 914, 925 (N.D. Ind. 2017) (declining to issue a permanent injunction because it was unnecessary in light of the relief provided in the court's declaratory judgment).[3]

### III. Conclusion

As to Count II (conflict preemption), AAP's request for a declaratory judgment is granted, and its request for a permanent injunction is denied. The parties agree that Count I (express preemption) need not be decided because judgment has been granted in favor of AAP on Count II. Accordingly, Count I is dismissed as moot. The parties also agree that Counts III (violation of the Dormant Commerce Clause) and IV (violation of the Due Process Clauses of the Fifth and Fourteenth Amendments) should be dismissed with each party to bear its own costs and fees. Counts III and IV are dismissed by voluntary stipulation. The State's motion to dismiss the complaint, ECF 10, is denied as moot.[4]

Date: June 13, 2022

                                                        Deborah L. Boardman
United States District Judge

---

[3] AAP argues that a permanent injunction is necessary because the State's voluntary cessation of enforcement of the Maryland Act does not moot AAP's claims. This argument misses the mark. AAP's claims are not moot, and the caselaw on the voluntary cessation exception to the mootness doctrine, which AAP cites in its reply to the State's response to the Show Cause Order, ECF 24, is irrelevant. The Court denies permanent injunctive relief because such relief is unnecessary to secure AAP's rights under the Copyright Act.

[4] The only outstanding issue is AAP's request for an award of reasonable costs and attorneys' fees, pursuant to 42 U.S.C. § 1988 and 17 U.S.C. § 505. *See* ECF 1, at 30 ¶ 3. AAP has advised the Court that the parties intend to brief whether AAP is entitled to fees and costs under those statutes. ECF 24, at 9–10.